UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| J.B., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:25-cv-00036-GFVT |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| FRANK BISIGNANO, *Commissioner of* | ) | **ORDER** |
| *SSA*, | ) | |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court on the Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act. [R. 17]. Plaintiff seeks an EAJA fee award of $6,536.88. [*Id.* at 1]. The Commissioner does not oppose the amount of attorney fees and expenses requested in Plaintiff's motion. [R. 19]. For the following reasons, the Plaintiff's Motion will be **GRANTED in part** and **DENIED in part**.

**I**

The Court entered judgment in this case in favor of the Plaintiff on March 19, 2026, after the Commissioner filed an unopposed motion to remand the case under sentence four of 42 U.S.C. § 405(g). [R. 16]. On June 17, 2026, Plaintiff filed a Motion for Attorney Fees under the Equal Access to Justice Act. [R. 17]. By subsequent filing, Plaintiff provided additional information in support of his motion for attorney's fees, including a memorandum in support, declarations from practicing attorneys in the area, and timesheets tracking attorney and paralegal time. [R. 18]. On the same day, the Commissioner filed a Response to the motion for attorney's fees indicating that he did not oppose the Plaintiff's request. [R. 19]. Plaintiff requests a total of $6,536.88 for 23.2 hours of attorney work and 6.0 hours of paralegal work.

## II

Even when the Commissioner does not contest the fee motion, the Court must perform an independent analysis for reasonableness. *Collins*, 2025 U.S. Dist. LEXIS 279063, at *1–2. "A court may award reasonable fees and expenses of attorneys . . . to the prevailing party in any civil action brought by or against . . .  any agency or any official of the United States[.]" 28 U.S.C. § 2412(b). The party seeking such fees must

> submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

*Id.* § 2412(d)(1)(B). Under the EAJA, fee amounts "shall be based upon prevailing market rates for the kind and quality of the services furnished," and the statute caps attorney fees at $125 per hour "unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." *Id.* § 2412(d)(2)(A). The relevant community, for the purposes of determining the prevailing rate, "has been defined as the same metropolitan area as the one in which the case was brought." *Collins*, 2025 U.S. Dist. LEXIS 279063, at *2. When a plaintiff seeks to exceed the $125 per hour cap, they "bear the burden of producing appropriate evidence" to support their position. *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). Appropriate evidence includes "satisfactory evidence that [the Plaintiff's] requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably

2

comparable skill, experience, and reputation." *Collins*, 2025 U.S. Dist. LEXIS 279063, at *3 (quoting *Carson v. Colvin*, No. CV 13-94-GFVT, 2015 WL 5304627, at *1 (E.D. Ky. Sept. 8, 2015)). "A district court determining a fee award should provide a concise but clear explanation of its reasons for the fee award." *Whitley ex rel. S.B. v. Comm'r of Soc. Sec. Admin.*, No. 5:24-CV-00365-GFVT, 2026 WL 867762, at *2 (E.D. Ky. Mar. 30, 2026).

After determining that a party is eligible for EAJA fees, the Court looks to "the lodestar amount as the starting point for calculating a reasonable fee award." This lodestar method reflects "the number of hours billed and a reasonable hourly rate." *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 616 (6th Cir. 2007) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

As a preliminary matter, the Court agrees with the parties that Plaintiff is the prevailing party for the purposes of the EAJA and that the government waived any argument as to substantial justification. The Plaintiff is eligible for EAJA fees. Therefore, the broad issue before the court is whether the fee award is reasonable under the lodestar method.

### A

The first issue on review is whether the fee amount is reasonable. The Court begins first with the claimed attorney hours and hourly rate. Plaintiff's counsel calculated their attorney fee rate as $255.90 per hour. [R. 18 at 2]. In support of exceeding the statutory cap of $125, Plaintiff provides the Consumer Price Index for the relevant region as well as the affidavits of two Kentucky attorneys who both indicate that attorneys in the Eastern District typically charge $200 to $500 per hour for their services. [*Id.* at 1–3]. The CPI data and the attorney affidavits support the justification for a higher attorney fee because it establishes an increase in the cost of living and it captures what the prevailing market rate in the local community would have been. *See*

*Whitley*, 2026 U.S. Dist. LEXIS 66966, at *12. The Court thus finds that the Plaintiff's proposed hourly fee is reasonable.

Further, the number of attorney hours are reasonable and in line with the complexity of the matter. Plaintiff's counsel included an attached "itemized statement from [an] attorney . . . representing or appearing on behalf of the party stating the actual time expended and the rate at which the fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Plaintiff claims 23.2 hours of attorney time. [R. 18-5 at 2]. Upon review, nothing in the attorney timesheets suggests that 23.2 hours is unreasonable.

**B**

Although the Commissioner does not oppose the motion for attorney's fees, the Court still has a duty to review the requested fees for reasonableness. This includes evaluating the reasonableness of the claimed paralegal fees. Courts in this region frequently award paralegal fees at a rate of $100 per hour. *Collins*, 2025 U.S. Dist. LEXIS 279063, at *4; *see also Bland v. Kijakazi*, 5:21-CV-179-REW, 2022 WL 16948564, at *2 (E.D. Ky. Nov. 14, 2022) (collecting cases). Here, Plaintiff seeks $100 per hour for paralegal hours. [R. 18 at 2]. This is reasonable and in line with the precedent of this District.

But the claimed number of paralegal hours invites closer review. Paralegal fees are only recoverable under the EAJA "to the extent they reflect tasks traditionally performed by an attorney and for which the attorney would customarily charge the client. *Whitaker v. Kijakazi*, 2022 U.S. Dist. LEXIS 146739, at *8 (E.D. Ky. Aug. 17, 2022). "In other words, purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them." *Id.* (quoting *Echols v. Express Auto, Inc.*, 857 F. App'x 224, 229 (6th Cir. 2021)).

4

Plaintiff seeks 6.0 hours of paralegal time for receiving files, corresponding with the client, preparing EAJA documents, and other tasks. [R. 18-6 at 2]. Nearly all of these activities appear to be secretarial or clerical in nature. *See, e.g., Herron v. Trenton Special Sch. Dist.*, No. 1:19-cv-01034-STA-jay, 2021 U.S. Dist. LEXIS 165916, at *6 (W.D. Tenn. Sep. 1, 2021) (finding that "preparation of correspondence," "preparing documents," "review of Court deadlines," and other preparation to be clerical or secretarial tasks); *Warren v. Kijakazi*, No. 5:21-CV-68-REW, 2022 U.S. Dist. LEXIS 206900, at *8 (E.D. Ky. Nov. 15, 2022) (paralegal communications with referral source are not compensable); *Plotecher v. Comm'r of Soc. Sec.*, No. 2:18-cv-00010, 2019 U.S. Dist. LEXIS 244769, at *8 (W.D. Mich. Oct. 1, 2019) (letter writing, phone calls, and preparing documents is clerical or secretarial and not compensable); *Riffe v. Bisignano*, Civil Action No. 5: 25-265-DCR, 2026 U.S. Dist. LEXIS 119933 (E.D. Ky. June 1, 2026) (finding time entry for "EAJA motion, memorandum, time slips and exhibits, file per local rule (n/c for filing)" to be secretarial and non-compensable); *Renee S. v. Comm'r of the SSA*, No. 2:22-cv-3458, 2024 U.S. Dist. LEXIS 92581, at *11 (S.D. Ohio May 23, 2024) (striking entries for "FDC contract" work and for combining and bookmarking transcript that are identical to those submitted by counsel in this case).

There are 16 total entries in the paralegal timesheet produced by Plaintiff's counsel. Five of these entries—rows 3, 6, 8, 11, and 12—are for 0 hours. Of the remaining 11 entries, nine are for secretarial or clerical work: (1) "files received, reviewed, and proceed from referral source for attorney review;" (3) "telephone call with client re: attempted IFP assessment;" (4) "telephone call with client re: IFP assessment/assistance with IFP application;" (5) "FDC contract and other rep documents prepared for Client completion;" (7) "executed FDC contract and other rep documented reviewed for proper completion;" (9) "Combine, OCR, and live

5

bookmark Federal Court transcript (817 pages);" (13) "FDC remand referral back to referral source;" (15) "EAJA preparation;" and (16) "finalize EAJA motion, memorandum, time slips and exhibits, file per local rule (n/c for filing)." [R. 18-6 at 2].

Two of the line items are, however, compensable. Plaintiff seeks 0.4 hours for "telephone call with Client re: completion of federal debt check, explained EAJA." [R. 18-6 at 2 (Entry #2)]. This is compensable because it "involves substantive legal knowledge and is a task traditionally performed by attorneys." *Renee S.*, 2024 U.S. Dist. LEXIS 92581, at *13–14 (finding paralegal communication to client explaining the EAJA to be comparable to attorney work and compensable). Plaintiff also seeks 0.3 hours for "telephone call to Client re: FDC remand and next steps." [R. 18-6 at 2 (Entry #14)]. This, similarly, is compensable because it ostensibly involved explaining the legal ramifications of the Commissioner's motion for remand and what that meant for the Plaintiff's case, a task traditionally performed by an attorney.

Accordingly, the Court will excise all but 0.7 hours from the requested paralegal hours. The Court will reduce the EAJA fee award accordingly.

### C

In sum, based on an hourly attorney rate of $255.90 and a total of 23.2 hours, and an hourly paralegal fee rate of $100.00 for a total of 0.7 hours, this sets the lodestar at $6,006.88. The lodestar amount is reasonable in this case. *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010) ("[T]here is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee.").

**D**

Plaintiff has executed an assignment purporting to assign any EAJA fees he is awarded to his attorney. [R. 18-7]. Plaintiff assigned his right to EAJA fees to his attorney, but it is unclear whether Plaintiff owes any debt that is subject to a government offset under the Treasury Offset Program. *See* 31 U.S.C. § 3716(c)(3)(A). Accordingly, if, after receiving the Court's order, the Commissioner determines that the plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program and agrees to waive the requirements of the Anti-Assignment Act, the Commissioner may make fees payable to the plaintiff's attorney.

**III**

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Plaintiff's Motion for Attorney's Fees **[R. 17]** is **GRANTED in part** and **DENIED in part**.

2. Plaintiff is **AWARDED** attorney fees under the Equal Access to Justice Act in the amount of **$6,006.88**.

3. If, after receiving the Court's EAJA fee Order, the Commissioner: (1) determines that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program; and (2) agrees to waive the requirements of the Anti-Assignment Act, then the EAJA fee will be made payable to Plaintiff's attorney. However, if there is a debt owed under the Treasury Offset Program, the Commission cannot agree to waive the requirements of the Anti-Assignment Act, and the remaining

7

EAJA fees after offset will be paid by a check made out to Plaintiff but delivered to Plaintiff's attorney.

This 7th day of July, 2026.

Gregory F. Van Tatenhove
United States District Judge