UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| J.B., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:25-cv-00036-KKC |
| | ) | |
| v. | ) | OPINION & ORDER |
| | ) | |
| FRANK BISIGNANO, *Commissioner of SSA*, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court on Plaintiff J.B.'s Motion to Alter Judgment Under Fed. R. Civ. P. 59(e). [R. 21.] J.B. argues that the Court erred in disallowing certain claimed paralegal time in its prior Order awarding Equal Access to Justice Act (EAJA) fees. On this basis, J.B. asks the Court to review its earlier analysis and award the full fee request. For the reasons that follow, the Court DENIES in part and GRANTS in part the motion.

**I. Background**

On July 7, 2026, the Court granted in part and denied in part Plaintiff's motion for EAJA attorney fees. [R. 20.] J.B. requested $6,536.88 in EAJA fees. [R. 17.] The Commissioner did not oppose this request. [R. 19.] The Court, after conducting an independent analysis for reasonableness, granted nearly all of J.B.'s requested fees, awarding J.B. $6,006.88 in fees. [R. 20 at 7.] The Court found that many of the requested 6.0 hours of paralegal work constituted tasks that were secretarial or clerical in nature, and excised all but 0.7 hours from the final fee award. [*Id.* at 4–6.]

On July 27, 2026, J.B. filed the instant Motion to Alter Judgment pursuant to Fed. R. Civ. P. 59(e). [R. 21.] While J.B. is the nominal plaintiff, his counsel is the true party in interest. *See Tucker v. Comm'r of Soc. Sec.*, 136 F.4th 639, 642 n.1 (6th Cir. 2025). Counsel

argues that the Court erred in excising the paralegal hours and asks the Court to "grant the originally unopposed fee of $6,536.88" or, in the alternate, to award "a fee in the amount of $6,406.88 which includes paralegal services this Court erroneously deemed purely clerical." [R. 21 at 1.]

## II. Analysis

### A. Rule 59(e) Standard

A party may file a motion to alter or amend a judgment no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). The Court may grant a Rule 59(e) motion based on a clear error of law, newly discovered evidence, an intervening change in controlling law, or a need to prevent manifest injustice. *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010). Here, Counsel challenges the Court's prior order on the basis of a clear error of law. A clear error of law exists when the Court applies incorrect law to the facts. *Kelso v. City of Toledo*, 77 F. App'x 826, 832 (6th Cir. 2003).

### B. Grounds for Reconsideration

Counsel argues that the Court mistakenly excepted paralegal fees in four specific instances. First, by excising 1.9 hours for entries described as "EAJA preparation" and "Finalize EAJA motion, memorandum, time slips and exhibits, file per local rule (n/c for filing)." [R. 21-1 at 2–3]; *see also* [R. 18-6] (chart of paralegal time); *see also* [R. 20 at 5] (Order denying EAJA entries). Second, by striking 0.6 hours for "Files received, reviewed, and processed from referral source for attorney review." [R. 21-1 at 4.] Third, for denying 0.6 hours for "Telephone call with Client re: IFP assessment/assistance with IFP application." [*Id.* at 4–5.] And fourth, for refusing to award 0.9 hours for the preparation of the FDC contract, included as entries for "FDC contract and other rep documents prepared for Client completion" and "FDC remand referral back to referral source." [*Id.* at 5.]

Before turning to the merits of Counsel's instant motion, the Court must address a salient point. The original motion for attorney's fees was wholly inadequate. Begin first with the motion itself, a two-paragraph statement asking the Court to "take notice" of a forthcoming EAJA award agreement. *See* [R. 17.] A second filing contains seven exhibits and a "Memorandum in Support" containing just four narrative paragraphs. *See* [R. 18] (Affidavit in Support); [R. 18-8] (Memorandum in Support). While the Affidavit filing contained documents relevant to the reasonableness analysis,[1] Counsel never feigned an attempt to argue in support of the fee award's reasonableness. The Court reminds Counsel that it must perform this task *regardless* of whether the Commissioner opposes the EAJA motion or not. *Collins v. Dudek*, No. 5:24-CV-00125-MAS, 2025 WL 4710799, at *1 (E.D. Ky. Mar. 3, 2025).

Counsel balks at the Court's interpretation of certain line-item descriptions in a timesheet submitted without context, analysis, or explanation. The law requires Counsel to explain the reasonableness of her fee request even where the Commissioner agrees to it. *Id.* Instead, Counsel submitted a series of attachments, gave no explanation as to why the fees were reasonable, and assumed the Court would rubber-stamp her request. The Court could have—and perhaps should have—denied the request outright. *Baraka Y. v. Comm'r of Soc. Sec.*, No. 25-CV-11025, 2026 WL 115010, at *1 (E.D. Mich. Jan. 15, 2026) ("The Court has broad discretion in determining whether to award fees under the EAJA"); *Begley v. Sec'y of Health & Hum. Servs.*, 966 F.2d 196, 200 (6th Cir. 1992) (courts are to "carefully consider, rather than rubber stamp, requests for adjusted fee awards").

The only explanation for the reasonableness of *any* fees came only now in Counsel's eleventh-hour request to salvage $530 in paralegal fees. Counsel should read this Opinion and Order for what it is: a warning. Courts in the Eastern District of Kentucky do not rubber-

[1] These include the declarations of local attorneys, the timesheets for both attorneys and paralegals, and a Consumer Price Index table for the relevant geographic area.

stamp EAJA fee requests. Counsel should fully and carefully brief the reasonableness of any EAJA fee request at the outset, and not in time-wasting motions to alter judgment. Counsel's original motion was at best presumptive and at worst wholly deficient. Going forward, the Court encourages Counsel to consider the age-old maxim that "an ounce of prevention is worth a pound of cure."

**1. Preparation of EAJA Fees**

The Court first reviews the denial of paralegal hours spent preparing the EAJA fee application. Three line items in the paralegal timesheet reflect time spent preparing the EAJA fee application in some form. *See* [R. 18-6.] Line two, dated July 10, 2025, claimed 0.4 hours for "[t]elephone call with Client re: completion of federal debt check, explained EAJA." [*Id.*] The Court accepted that this is compensable for reasons explained in the earlier Order. *See* [R. 20 at 6] (accepting this entry as involving substantive legal knowledge). But the Court rejected two other entries: First, for the June 2, 2026, entry for 1.0 hours for "EAJA preparation;" and second, the June 17, 2026, entry for 0.9 hours for "[f]inalize EAJA motion, memorandum, time slips and exhibits, file per local rule (n/c for filing)." [R. 18-6.]

A June 1, 2026, decision in this district involving the same attorney found that the exact same time entries and descriptions were not compensable. *See Riffe v. Bisignano*, Civil Action No. 5: 25-265-DCR, 2026 U.S. Dist. LEXIS 119933 (E.D. Ky. June 1, 2026). In that case, Judge Reeves wrote:

> Time associated with preparing the motion for attorney's fees are compensable to the extent it is reasonable. However, Riffe seeks compensation for one hour of paralegal time for "EAJA preparation" and 0.9 paralegal hours for finalizing "EAJA motion, memorandum, time slips and exhibits, file per local rule (n/c for filling)." [Record Nos. 18-4 at 3 and 18-6 at 2] **These tasks are clerical or secretarial in nature and therefore are not compensable.** *See Hack*, 2026 U.S. Dist. LEXIS 110173, 2026 WL 1396213, at *3 (finding the same billing entries submitted by the same plaintiff's counsel, Julie A. Atkins, to constitute clerical or secretarial work and thus not

> compensable) (citing *Plotecher*, 2019 U.S. Dist. LEXIS 244769, 2019 WL 13213051, at *3 (finding that "letter writing, phone calls, and preparing initial EAJA documents," is "more properly considered clerical or secretarial and is not compensable.")). Accordingly, 1.9 hours allotted to preparing initial EAJA task and one hour associated with other clerical tasks are not compensable.

*Id.* at *10–11 (emphasis in original). Counsel complains that the *Riffe* decision is somehow erroneous, but the Court sees no reason to depart from a recent decision involving the same attorney using the same exact language.

**2. Reviewing and Processing File from Referral Source**

Next, Counsel challenges the Court's decision to strike 0.6 hours for "[f]iles received, reviewed, and processed from referral source for attorney review." [R. 21 at 4.] Once again, the Court need not look further than the recent decision in *Riffe*:

> Courts within the Sixth Circuit have likewise held that receiving, reviewing, and processing files from the referral source constitutes clerical work because it "does not require substantive legal knowledge and is more akin to 'receiving and filing correspondence.'" *Banks v. Dudek*, 2025 U.S. Dist. LEXIS 46881, 2025 WL 818186, at *6 (W.D.Ky., 2025) (citing *Warren v. Kijakazi*, 21-CV-68, 2022 U.S. Dist. LEXIS 206900, 2022 WL 16948563, at *4 (E.D. Ky. Nov. 15, 2022); *Renee S. v. Comm'r of the SSA*, 2024 U.S. Dist. LEXIS 92581, 2024 WL 2701701, at *4 (S.D. Ohio May 23, 2024)). Although a paralegal may need to identify documents for attorney review, the task itself does not require substantive legal analysis. Therefore, the 0.6 hours allotted to this task are not compensable under the EAJA.

*Riffe*, 2026 U.S. Dist. LEXIS 119933, at *11–12. Remarkably, Counsel appeared to recycle not only the same descriptive language but the exact same number of hours as she used in the *Riffe* case. For reasons that should be obvious to Counsel at this point, the Court will not accept these hours as compensable. This discovery weighs against Counsel's claims that a clearly routine and clerical task somehow required "at least some legal knowledge." [R. 21-1 at 4.]

**3. The *In Forma Pauperis* Application**

Next, the Court reviews its decision to deny 0.6 hours for "[t]elephone call with Client re: IFP assessment/assistance with IFP application." Nothing in this bare description describes work that is typically done by an attorney. It reflects a purely secretarial task. The plaintiff himself signed and submitted the *in forma pauperis* application in this case. [R. 2] (Motion for Leave to Proceed *in forma pauperis*). He did so on a Court-provided form consisting of two pages and eight (8) fill-in-the-blank questions.[2] Any effort expended by the paralegal in explaining such a form—designed by the judiciary for use by laypersons—did not require skills or expertise typically expected of an attorney. Caselaw throughout the Sixth Circuit supports this finding. *T.H. v. Bisignano*, No. 6:25-cv-00060-GFVT, 2026 U.S. Dist. LEXIS 156368, at *6–7 (E.D. Ky. July 15, 2026) (finding "preparing the *in forma pauperis* application" to constitute a clerical or secretarial task); *see also Crim v. Comm'r of Soc. Sec.*, No. 1:11-cv-137, 2013 U.S. Dist. LEXIS 35373, at *25 (S.D. Ohio Mar. 14, 2013) ("the time spent for ministerial tasks such as preparing a summons form, a motion to proceed *in forma pauperis*, or filing should not have been charged at all"). The Court will not deviate from its decision to deny 0.6 hours for this claimed paralegal work.

**4. Preparing the FDC Contract**

Finally, Counsel faults the Court for denying 0.9 hours for the preparation of the FDC contract, included as entries for "FDC contract and other rep documents prepared for Client completion" and "FDC remand referral back to referral source." [*Id.* at 5.] Courts in the Sixth Circuit regularly find that such work is not compensable under the EAJA. *Renee S. v. Comm'r of the SSA*, No. 2:22-cv-3458, 2024 U.S. Dist. LEXIS 92581, at *12 (S.D. Ohio May 23, 2024) (finding identical timekeeping entry to be clerical). The court in *Renee S.* considered such

[2] *See* AO 240 (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form).

work clerical because the attorney provided no information as to whether the paralegal completed tasks traditionally performed by an attorney: "The term 'prepared,' *without further explanation by Plaintiff of whether the paralegal utilized substantive legal knowledge or merely filled in a contract form with client information*, more closely aligns to clerical work that is not compensable under the EAJA." *Id.* (emphasis added). This problem plagued Counsel's original motion because Counsel failed to explain *anything*, much less whether the paralegal utilized substantive legal knowledge.

In this motion, Counsel claims that

> while a portion of this work could be seen as clerical, the contract for representation tasks also involve advising the client as to the legal ramifications of what the contract means for the scope of representation, how attorney work will be paid for, and other substantive aspects related to the client deciding to hire their attorney.

[R. 21-1 at 5.] But that does not sound at all like the timesheet's description. Nothing in the entry suggests that the paralegal communicated with the client. Counsel claims this might not be the case and cites the general rule that advising the client of legal outcomes may constitute work traditionally performed by an attorney. This is of course true. The only problem is that there is no evidence that the paralegal did so here. Using its own discretion, the Court credits the language of the original entry which suggests the internal compilation of documents for forwarding to the client, rather than advisory services.

Supporting this finding is the existence of another entry for 0.3 hours described as "Executed FDC contract and other rep documents reviewed for proper completion," which more closely aligns with work traditionally performed by an attorney and for which the Court will award fees. In its discretion the Court will award these 0.3 hours as compensable.

## III. Conclusion

Accordingly, it is hereby ORDERED as follows:

1. Plaintiff's Motion to Alter Judgment [R. 21] is DENIED in part and GRANTED in part;
2. The Court amends its earlier Opinion & Order [R. 20] to the extent only that it adds an additional 0.3 hours of paralegal time as compensable under the EAJA;
3. Plaintiff is AWARDED attorney fees under the Equal Access to Justice Act in the amount of $6,036.88;
4. If, after receiving the Court's EAJA fee Order, the Commissioner: (1) determines that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program; and (2) agrees to waive the requirements of the Anti-Assignment Act, then the EAJA fee will be made payable to Plaintiff's attorney. However, if there is a debt owed under the Treasury Offset Program, the Commission cannot agree to waive the requirements of the Anti-Assignment Act, and the remaining EAJA fees after offset will be paid by a check made out to Plaintiff but delivered to Plaintiff's attorney.

This 27th day of August, 2026.

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF KENTUCKY

**Signed By:**

***Karen K. Caldwell*** KKC

**United States District Judge**